**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2342

WEST VIRGINIA CWP FUND, as carrier for Pen Coal Corporation,

        Petitioner,

        v.

STEVEN MULLINS; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

        Respondents.

On Petition for Review of an Order of the Benefits Review Board. (14-0035-BLA)

Submitted: June 30, 2015        Decided: September 10, 2015

Before THACKER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition granted and reversed by unpublished per curiam opinion.

Jeffrey R. Soukup, William S. Mattingly, JACKSON KELLY PLLC, Lexington, Kentucky, for Petitioner. Leonard J. Stayton, Inez, Kentucky; Sean Gregory Bajkowski, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.; Helen Hart Cox, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

West Virginia CWP Fund ("Employer"), insurance carrier for Pen Coal Corporation, seeks review of the decision and order of the Benefits Review Board ("BRB" or "Board") affirming the administrative law judge's ("ALJ") award of black lung benefits, pursuant to 30 U.S.C. §§ 901-945 (2012), and the BRB's order denying Employer's motion for reconsideration en banc. Our review of the record discloses that the ALJ's decision is not supported by substantial evidence. We therefore grant Employer's petition for review and reverse the award of benefits.

"Our review of a decision awarding black lung benefits is limited." Hobet Mining, LLC v. Epling, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted). "We ask only whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [Board] and ALJ are rational and consistent with applicable law." Id. (internal quotation marks omitted). We review the legal conclusions of the BRB and ALJ de novo but defer to the ALJ's factual findings if supported by substantial evidence. Harman Mining Co. v. Dir., Office of Workers' Comp. Programs, 678 F.3d 305, 310 (4th Cir. 2012). "'Substantial evidence is more than a mere scintilla'; it is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Island

Creek Coal Co. v. Compton, 211 F.3d 203, 207-08 (4th Cir. 2000) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

To establish entitlement to benefits, a miner must prove:[1] "(1) that he has pneumoconiosis, in either its 'clinical' or 'legal' form; (2) that the pneumoconiosis arose out of coal mine employment; (3) that he is totally disabled by a pulmonary or respiratory impairment; and (4) that his pneumoconiosis is a substantially contributing cause of his total disability." W. Va. CWP Fund v. Bender, 782 F.3d 129, 133 (4th Cir. 2015) (internal quotation marks omitted); see 20 C.F.R. § 725.202(d)(2) (2014).

Employer's primary argument is that the ALJ erred by relying on Dr. Gaziano's opinion to support his findings that Mullins suffers from legal pneumoconiosis and that pneumoconiosis is a substantially contributing cause of Mullins' totally disabling respiratory impairment. Although we may not reweigh the medical opinions, we may determine whether the weight assigned by the ALJ is supported by substantial evidence, being ever "careful not to substitute our judgment for that of the ALJ." Harman Mining Co., 678 F.3d at 310. After reviewing

---

[1] Because Mullins conceded that he has not worked in the coal mines for 15 or more years, he is not entitled to the rebuttable presumption that he is totally disabled due to pneumoconiosis. See 30 U.S.C. § 921(c)(4).

3

the entire record, we conclude that substantial evidence does not support the ALJ's decision to accord full probative weight to Dr. Gaziano's opinion.

Dr. Gaziano's diagnosis of legal pneumoconiosis was based entirely on Mullins' history of coal dust exposure. Dr. Gaziano offered no objective medical evidence to support the conclusion that Mullins' chronic obstructive pulmonary disease ("COPD") arose out of his coal mine employment or was aggravated by coal dust exposure, and Dr. Gaziano confirmed at deposition that Mullins' symptoms were not specific to any respiratory disease. Dr. Gaziano also admitted that it was possible that Mullins' COPD could have been caused entirely by cigarette smoking, without any aggravation by coal dust. Thus, Dr. Gaziano essentially presented only the possibility that Mullins' COPD was caused by coal dust exposure, which we have deemed insufficient to support an award of benefits. See Westmoreland Coal Co. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013) (reiterating that "mere possibility of causation [is] insufficient to support finding a nexus between a claimant's pneumoconiosis and his [respiratory impairment]").

Also problematic in this case is Dr. Gaziano's reliance on an overestimate of the length of Mullins' coal mining career by five years. This discrepancy does not bolster the ALJ's decision to accord full probative weight to Dr. Gaziano's

4

opinion, especially when the sole basis for Dr. Gaziano's diagnosis of legal pneumoconiosis was Mullins' exposure to coal dust. Moreover, the ALJ did not explain how the five-year discrepancy did not make a difference in Mullins' case.

In sum, Dr. Gaziano's opinion, which relied exclusively on an inflated coal mining history, is simply insufficient to satisfy Mullins' burden of demonstrating his entitlement to benefits.[2] Because there remains no evidence upon which to base a finding of entitlement to benefits, we reverse the award of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION GRANTED AND REVERSED</u>

---

[2] Because we conclude that substantial evidence does not support the ALJ's findings that Mullins suffers from legal pneumoconiosis and that pneumoconiosis was a substantially contributing cause of Mullins' totally disabling respiratory impairment, we need not consider Employer's challenges to the ALJ's finding that Mullins suffers from clinical pneumoconiosis or the ALJ's decision to assign little weight to the opinions of Drs. Repsher and Dahhan.